IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| DOVIE GARNER,<br><br>　Plaintiff,<br><br>　v.<br><br>ACADEMY COLLECTION SERVICE, INC., ARROW FINANCIAL SERVICES, L.L.C, and CAPITAL ONE BANK,<br><br>　Defendants. | CIVIL ACTION<br>NO. 3:04-CV-093-JTC |

## **O R D E R**

Pending before the Court is Defendant Capital One Bank's ("Capital One") Motion for Summary Judgment [# 49].  Plaintiff asserts a claim for violation of Georgia's Fair Business Practices Act ( the "FBPA").  The Court **GRANTS** Defendant's Motion for Summary Judgment [# 49].

## I.　Background

In its Motion for Summary Judgment Capital One contends that the undisputed facts in this case establish that its actions do not constitute a violation of the FBPA.  After reviewing the parties' briefs and statements of material facts, the Court directed both parties to file supplemental briefs "addressing the issue of whether the FBPA applies to the alleged actions

1

taken by Capital One in collecting credit card debt and the posting of payments to Plaintiff's account." (Order at 1, Jan. 27, 2006.) Subsequently, Defendant filed a Supplemental Memorandum of Law in Support of Defendant Capital One Bank's Motion for Summary Judgment [# 71] arguing that the Court should grant summary judgment in favor of Defendant because Plaintiff's claims are not cognizable under the FBPA.

## II.     Factual Background

Unless otherwise indicated, the Court draws the undisputed facts from Defendant's Statement of Undisputed Material Facts ("SMF") [# 49]. Where Plaintiff disputes a specific fact and points to evidence in the record supporting her version of events, the Court has viewed such evidence and factual inferences in the light most favorable to Plaintiff, as required when considering a defendant's motion for summary judgment. See United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc). The material facts in this case, however, are largely undisputed.

Plaintiff opened a Visa credit card account with Capital One in 1996. (SMF ¶ 1.) Each month, Capital One sent Plaintiff a monthly statement reflecting the status of her account and the current balance owed. (Id. ¶ 4.) In 1997, Plaintiff stopped making monthly payments on her credit card. (Id. ¶ 6; Pl.'s Resp. to Def.'s Statement of Material Facts ("Pl.'s Resp.") ¶ 6.) As a

result of Plaintiff's failure to pay her credit card debt, Capital One turned the account over to another company for collection efforts. (SMF ¶ 7.)

After taking over the collection efforts on Plaintiff's account, the collection company sent Plaintiff a letter stating that "[i]f applicable, your account may have or will accrue interest at a rate specified in your contractual agreement. . . ." (Id. ¶¶ 22, 26.) Interest continued accruing on Plaintiff's account during this collection process (Id. ¶ 17), but Plaintiff did not know the specific interest rate on her account (Pl.'s Resp. ¶ 19).

During the collection process, Plaintiff repeatedly advised the collection company that she did not receive billing statements. (Pl.'s Statement of Additional Facts ¶¶ 10-21). Additionally, Plaintiff is unaware if she was given credit for a payment she made to her account in 1998. (Id. ¶ 28). Currently, Plaintiff does not owe Capital One money on this account. (Pl.'s Resp. ¶ 47.)

### III.   Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) defines the standard for summary judgment: Courts should grant summary judgment when "there is no genuine issue as to any material fact . . . and the moving party is entitled to judgment as a matter of law." The substantive law applicable to the case determines which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248,

106 S. Ct. 2505, 2510 (1986).  "The district court should 'resolve all reasonable doubts about the facts in favor of the non-movant,' . . . and draw 'all justifiable inferences . . . in his favor . . . .'"  Four Parcels, 941 F.2d at 1437.  The court may not weigh conflicting evidence nor make credibility determinations.  Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993), reh'g denied, 16 F.3d 1233 (1994) (en banc).

As a general rule, "[the] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  Rule 56(c), however, mandates that the a court enter summary judgment against a plaintiff who fails to establish the existence of an essential element of her case when the plaintiff bears the burden of proof at trial.  Konikov v. Orange County, Fla., 410 F.3d 1317, 1321 (11th Cir. 2004).  In this case, the vast majority of material facts are undisputed.

**IV.   Analysis**

The only remaining claim against Defendant is for violations of the FBPA.  Pursuant to O.C.G.A. § 10-1-396(1), the FBA does not apply to

4

"[a]ctions or transactions specifically authorized under the laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States."  Georgia courts and federal courts applying the Georgia statute have interpreted the language in § 10-1-396(1) broadly to exempt from suit under the FBPA areas of the consumer marketplace that are regulated by the state or federal government.  See Chancellor v. Gateway Lincoln-Mercury, Inc., 502 S.E.2d 799 (Ga. Ct. App. 1998); Ferguson v. United Ins. Co. of Am., 293 S.E.2d 736 (Ga. Ct. App. 1982)(holding that insurance transactions are exempt from the FBPA); Brogdon v. Nat'l Heathcare Corp., 103 F. Supp. 2d 1322 (N.D. Ga. 2000)(Murphy, J.)("[T]he FBPA does not apply in extensively regulated areas of the marketplace. . . ."); In re Taylor, 292 B.R. 434 (Bankr. N.D. Ga. 2002)("The reported cases . . . have construed the exemption to cover conduct that is regulated, unless the FBPA or another statute provides otherwise.").  As the Georgia Court of Appeals stated in Chancellor, "[t]he General Assembly intended that the Georgia FBPA have a restricted application *only to the unregulated consumer marketplace* and that FBPA not apply in regulated areas of activity, because regulatory agencies provide protection or the ability to protect against the known evils in the area of the agency's expertise."  Chancellor, 502 S.E.2d at 805 (emphasis added).

    In Chancellor, a group of automobile purchasers sued a finance

5

company and automobile dealer alleging that the defendants failed to inform them that the automobile dealer provided the finance company a discount from the face value of the purchasers' installment sales contracts when the dealer sold the contracts to the finance company.  <u>Chancellor</u>, 502 S.E.2d at 801-02.  The Georgia Court of Appeals explained that the Truth in Lending Act and Regulation Z promulgated by the Federal Reserve Board regulate the calculation and disclosure of finance charges, as well as other disclosures by lenders.  <u>Id.</u> at 805.  Because of the extensive federal regulatory scheme covering the area of consumer credit, the Georgia Court of Appeals held that "this area of finance charges, disclosures, and truth in lending falls outside the FBPA. . . ."  <u>Id.</u>

    Plaintiff contends that Defendant violated the FBPA by not crediting her account for payments, failing to disclose how much interest she was charged on her account from 2000-03, and not providing her with periodic billing statements after Defendant initiated delinquency collection proceedings.  The TILA and Regulation Z, however, extensively regulate this conduct.  For example, TILA and Regulation Z regulate the procedures for the prompt crediting of payments to a consumer's account, <u>See</u> 15 U.S.C. § 1666c; 12 C.F.R. § 226.10, as well as the procedures for disclosing  finance charges imposed on a consumer's credit card account.  <u>See</u> 15 U.S.C. §§ 1666c, 1637;

12 C.F.R. §§ 226.4, 226.5, 226.13.  Finally, Regulation Z specifically states that "[a] periodic statement need not be sent for an account if . . . delinquency collection proceedings have been instituted. . . ." 12 C.F.R. § 226.5(b)(2)(i).  Accordingly, like the claims in Chancellor and Brogdon, Plaintiff's claims are not cognizable under the FBPA because of the comprehensive regulatory scheme in the consumer credit marketplace.

In response to this Court's Order directing the parties to address whether pursuant to Chancellor and Brogdon Plaintiff could assert her claims under the FBPA, Plaintiff urges the Court to adopt the reasoning several courts in other jurisdictions have utilized to interpret their respective state's statute.  All of the cases cited by Plaintiff, however, not only fail to address *Georgia's* FBPA, but were decided *prior* to Judge Murphy's opinion in Brogdon, and all but one was decided *prior* to Chancellor.  In short, Plaintiff urges this Court to reject the recent interpretation of a Georgia statute by a Georgia court in favor of the reasoning applied by the Supreme Court of Connecticut in interpreting the Connecticut Uniform Trade Practices Act.  This Court declines to do so.  Accordingly, Plaintiff may not assert her claims pursuant to the FBPA.

### V.   Conclusion

The Court **GRANTS** Defendant's Motion for Summary Judgment [# 49].

The Clerk is directed to enter Judgment in favor of Defendant Capital One Bank.

**SO ORDERED**, this   27th   day of February, 2006.

/s/ Jack Camp
JACK T. CAMP
UNITED STATES DISTRICT JUDGE